UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ZHIMIN CHENGLAKA, also known as,
CHENG CHENG,

                  Plaintiff,                             **MEMORANDUM AND ORDER**
                                                                                        15-CV-3658 (PKC)
        -against-

THE U.S. GOVERNMENT CIA; AMERICAN
RADIO; TELEVISION AUTHORITY,

                  Defendants.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On June 23, 2015, Plaintiff Zhimin Chenglaka, appearing *pro se*, filed the instant complaint. Plaintiff has paid the $400 filing fee to initiate the action. For the reasons discussed below, the complaint is dismissed.

*BACKGROUND*

Plaintiff alleges that Defendants violated her constructional rights by invading her privacy. Specifically, Plaintiff alleges that the Central Intelligence Agency ("CIA") has been stalking and "phone-hacking" her because she is "very outstanding and attractive". (Compl. at p. 6.) She alleges that the CIA stated that she "was a whore in the mainland, [a] member of gang of Dalai lama . . . Until today, they have not found any proof to prove [that Plaintiff] is a spy, but they don't stop." (*Id.*) Plaintiff further alleges that the National Security Agency ("NSA") and the CIA conducted experiments on her, which included injecting "something" into her body, and this allowed her words and thoughts to be copied. (*Id.* at p. 7.) Plaintiff also alleges that Defendants have continually harassed her, causing her mental anguish. She states that "her brain couldn't get rest. They kept stimulating me, provoking me, so they could achieve the goal of

hurting me during the experiment." (*Id.* at pg. 10.) Plaintiff seeks eight billion dollars in damages.

## *STANDARD OF REVIEW*

As Plaintiff is proceeding *pro se*, her complaint is held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe Plaintiff's pleadings liberally and to interpret the complaint as raising the strongest arguments it suggests. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Even where a plaintiff pays the filing fee, a district court may dismiss the case *sua sponte*, if it determines that it lacks subject matter jurisdiction or that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Federal Savings Bank*, 334 Fed. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10 CV 5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010) (even where a *pro se* plaintiff "has paid the filing fee, a district court has the inherent power to dismiss a case,

sua sponte, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter").

## DISCUSSION

An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 Fed. App'x. 78, 79 (2d Cir. 2011) ("An action is frivolous if it lacks an arguable basis in law and fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Here, Plaintiff's claims, which sadly appear to be the product of delusion, are not plausible and are clearly frivolous. Since the complaint is devoid of any basis in law or fact—defects that cannot be cured by amendment—the complaint is dismissed. *See Carter v. Clinton*, No. 13 CV 5767, 2013 WL 5882777, at *2 (E.D.N.Y. Oct. 24, 2013) (dismissing complaint where "[p]laintiff's allegations even under the very liberal reading we accord *pro se* pleadings—and even if plaintiff himself believes them to be true—can only be described as delusional and fantastic); *Banks-Gervais v. I.R.S.*, No. 12 Civ. 4300, 2012 WL 5504883, at *1-2 (E.D.N.Y. Nov. 13, 2012) (same).

## *CONCLUSION*

Accordingly, Plaintiff's *pro se* complaint is dismissed. Although Plaintiff has paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

  /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 5, 2015
　　　　Brooklyn, New York